```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID PLASTIK,                                                      REPORT AND
                            Plaintiff,                              RECOMMENDATION
            - against -
WESTBURY MUSIC FAIR, INC.,                                          19-CV-2820 (RJD) (JO)
                            Defendant.
----------------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

Plaintiff David Plastik ("Plastik"), has accused defendant Westbury Music Fair, Inc. ("Westbury") of copyright infringement for publishing a photograph on its website for which the plaintiff held the copyright. *See* Docket Entry ("DE") 1 (Complaint). Westbury has never responded, and Plastik now seeks a default judgment. *See* DE 10. Upon a referral from the Honorable Raymond J. Dearie, United States District Judge, I now make this report and, for the reasons set forth below, respectfully recommend that the court enter a default judgment against the defendant on the Complaint's sole cause of action and award the plaintiff a total of $1,490 (consisting of $750 in statutory damages, $300 in attorney's fees, and $440 in costs).

I.  Background

The following factual recitation is based on the Complaint's non-conclusory allegations. *See* Fed. R. Civ. P. 8(b)(6); *Finkel v. Romanowicz*, 577 F.3d 79, 81 n.1 (2d Cir. 2009) (citing *Greyhound Exhibitgroup, Inc. v. E.LU.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Plastik is a professional photographer who took and copyrighted a photograph of David Bowie. Westbury used the photograph on its website, westburymusicfair.com, to sell tickets to a David Bowie tribute. Westbury had not obtained a license to publish Plastik's photograph nor did it have Plastik's permission or consent to publish Plastik's photograph on its website. *See* Complaint ¶¶ 1, 7-11.

Plastik filed the Complaint on May 13, 2019.  He asserted a single claim under the Copyright Infringement Act of 1976. *See id.* ¶¶ 13-88; 17 U.S.C. § 101, *et seq.* (the "Copyright Act"). Plastik

served process on Westbury on May 15, 2019. *See* DE 6. Westbury never responded. At Plastik's request, the Clerk entered Westbury's default on August 12, 2019. *See* DE 7; DE 9. Plastik filed the instant motion on October 21, 2019. DE 10. The court referred the motion to me by order dated October 22, 2019. That same day, I entered an order affording both parties a final opportunity to file supplemental papers by November 19, 2019. On November 13, 2019, Plastik reported that in his view he had already submitted the evidence necessary to secure the relief he seeks. *See* DE 14.

II.   Discussion

   A.   Default

When a defendant defaults, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6); *Finkel*, 577 F.3d at 81 n.1 (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). The fact that a complaint stands unanswered does not suffice to establish liability on its claims; a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action. *See, e.g.*, *id* at 84; *Greyhound Exhibitgroup*, 973 F.2d at 159.

   B.   Liability

To prevail on his claim of copyright infringement, Plastik must demonstrate that he owns a valid copyright and that copied elements of the work were original. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Laureyssens v. Idea Group, Inc.*, 964 F.2d 131, 139 (2d Cir. 1992). "The existence of a valid copyright can be established by the introduction into evidence of a Copyright Office certificate of registration." *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 2019 WL 312149, at *5 (E.D.N.Y. Jan. 3, 2019) (report and recommendation) (internal citations omitted)

(quoting *Durham Indus. Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980)), *adopted* 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019); 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate."). Moreover, a court may take judicial notice of copyright registrations published in the United States' Copyright Office's registry. *See Papazian v. Sony Music Entertainment*, 2017 WL 4339662, at *6 n.6 (S.D.N.Y Sept. 28, 2017) (citing *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005)).

Plastik's Complaint provides the pertinent copyright registration number for the photograph, VA 2-114-398, which suffices to establish his ownership of a valid copyright to the photograph. *See* Complaint ¶ 9. According to public registration records, the effective registration date for the photograph was August 7, 2018, which is before the alleged infringement occurred on or around June 2, 2019. *See* Complaint, Ex. B; Public Catalog, *United States Copyright Office*, www.cocatalog.loc.gov (last visited September 6, 2020). Plastik further alleges that he never authorized or licensed Westbury to use or publish the photograph. *See* Complaint ¶ 11. Westbury's default admits these allegations, and they suffice to establish its liability for copyright infringement. *See, e.g., Mango v. Northside Media Grp.*, LLC, 2019 WL 4262018, at *2 (E.D.N.Y. Aug. 6, 2019) (report and recommendation), *adopted*, 2019 WL 4261743 (E.D.N.Y. Sept. 9, 2019). I therefore conclude that Plastik has established Westbury's liability.

    C.    <u>Relief</u>

        1.    <u>Damages</u>

The defendant's default does not relieve Plastik of his burden of proving damages to a "reasonable certainty." *Credit Lyonnais Securities (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir.

1997)). The Copyright Act provides that "[a] copyright owner may elect ... to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action[.]" 17 U.S.C. § 504(c)(1); *see also N.A.S. Import Corp. v. Chenson Enter., Inc.,* 968 F.2d 250, 252 (2d Cir. 1992). Plastik seeks an award of statutory damages and has not adduced any evidence of actual damages. *See* DE 12 ("Memo") at ¶¶ 3-5.[1]

The court has discretion to award statutory damages between $750 and $30,000 for each infringed work. *See* 17 U.S.C. § 504(c)(1). Plastik requests $30,000 per infringement, which is the maximum amount permitted for non-willful infringement. *See* 17 U.S.C. § 504(c)(1). That election obviates the need for him to prove that Westbury acted willfully.[2]

The court has broad discretion to select the amount of the damages award within the pertinent statutory range. *See, e.g., Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110, 1116-17 (2d Cir. 1986) (discussing "the wide discretion the Copyright Act affords the trial court in setting the amount of statutory damages"). In exercising that discretion, the court may consider several factors, including the expenses saved and the profits earned by the defendant, the revenues lost by the plaintiff, the deterrent effect of the judgment on the defendant and third parties, the defendant's cooperation in providing evidence of the infringing material, and the conduct and attitude of the parties. *See Nat'l Football League v. PrimeTime 24 Joint Venture*, 131 F. Supp. 2d 458, 473-74 (S.D.N.Y. 2001). Statutory damages awarded for copyright infringement "should bear some relation to actual damages suffered," but often do not correspond exactly, as statutory damages are often used in cases in which actual damages are difficult to prove. *See Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 670 F. Supp. 1133, 1140 (E.D.N.Y. Sept. 10, 1987), *aff'd*, 862 F.2d 304 (2d Cir. 1988).

---

[1] Plastik styled the cited document "Statement of Damages" and did not comply with the rule requiring him to submit a separate memorandum of law. *See* Loc. Civ. R. 7.1(a)(2).

[2] The court may award up to $150,000 per infringement where the violation is willful. *See* 17 U.S.C. § 504(c)(1)-(2).

Although Plastik seeks the maximum award available for a non-willful infringement, he has provided no information to support such relief. He has adduced no evidence that he suffered any actual damages, nor has he adduced any evidence of any benefit that Westbury enjoyed as a result of the infringement. While Westbury's default deprives Plastik of the discovery that would help him prove the latter, there is no reason he cannot prove the harms he sustained, if any. For example, Plastik could have, but did not, establish the licensing fee Westbury would have had to pay to publish his works. The record thus includes no evidence to distinguish this case from a case in which the minimum statutory award would be justified solely by virtue of the fact of infringement. I therefore respectfully recommend that the court award the minimum statutory damages of $750.

2. <u>Attorney's Fees</u>

Plastik seeks reimbursement of $2,975 in attorney's fees to compensate his counsel for 7 hours of work at an hourly rate of $425. He also seeks the reimbursement of $440 in costs, including the $400 filing fee and $40 for service of process. *See* DE 11 (Declaration of Richard Liebowitz) ("Liebowitz Decl.") at ¶¶ 12, 20. The court has discretion to award fees and costs to a prevailing party on a Copyright Act claim and should properly do so if the party's position is reasonable and the award is faithful to the statute's purpose. *See* 17 U.S.C. § 505; *Kennedy v. Medgen, Inc.*, 2016 WL 6585812, at *6 (E.D.N.Y. Apr. 19, 2016).

Courts in this circuit assess fee applications using the "lodestar method," which multiplies the reasonable hourly rate by the reasonable number of hours expended. *See Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). District courts have broad discretion, using "'their experience with the case, as well as their experience with the practice of law, to assess the reasonableness'" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). For the

5

following reasons, I recommend an award of attorney's fees substantially lower than the amount requested.

          a.        <u>Hourly Rate</u>

Plastik seeks compensation for his counsel, Liebowitz, at an hourly rate of $425. *See* Liebowitz Decl. ¶¶ 19-20. This rate is too high. A reasonable hourly rate is the rate a "reasonable, paying client" would be willing to pay. *See Manzo v. Sovereign Motor Cars, Ltd.*, 2010 WL 1930237, at *7 (E.D.N.Y. May 11, 2010) (stating that a presumptively reasonable fee "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.") (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation marks omitted)). Courts in this district typically award $300-$400 for partners, $200-$325 for senior associates, $100-$150 for junior associates, and $70-$100 for non-attorney professionals. *See Alvarez v. Sterling Portfolio Investment, LP*, 2017 WL 8790990, at * 8 (E.D.N.Y. Dec. 13, 2017) (collecting cases).

Liebowitz's claimed hourly rate of $425 is higher than the prevailing rate awarded by courts in this district to attorneys with his experience. *See Dermansky v. Tel. Media, LLC*, 2020 WL 1233943, at *7 (E.D.N.Y. Mar. 13, 2020) (noting that despite Liebowitz's title as "partner" he has only been practicing a relatively short time and awarding him $350 per hour consistent with the prevailing rates for a junior-partner or senior associate); *Downs v. Yeshiva World News*, 2019 WL 1261406, at *3 (report and recommendation) (awarding Liebowitz an hourly rate of $250), *adopted*, 18-CV-0250 (LDH) (JO) (E.D.N.Y. Mar. 12, 2019). More importantly, as explained below, Liebowitz's rate exceeds what a "reasonable, paying client" would be willing to pay for the representation he provides.

Liebowitz was admitted to practice in 2015. Since then, he has filed over 1000 copyright infringement lawsuits in the Eastern and Southern Districts of New York. As remarkable as that

pace is, even more remarkable is the pace at which those courts have sanctioned him. *See Usherson v. Bandshell Artist Mgmt.*, 2020 WL 3483661, at *1 (S.D.N.Y. June 26, 2020) (describing Liebowitz as "one of the most frequently sanctioned lawyers, if not the most frequently sanctioned lawyer, in the [Southern] District."); *Rice v. NBCUniversal Media, LLC*, 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) (citing a "growing body of law" devoted to sanctions against Liebowitz alone). Liebowitz consistently provides little if any legal analysis to support his positions and little if any factual support for his assertions; moreover, he routinely flouts local rules and court orders. *See, e.g.*, *Dermansky*, 2020 WL 1233943, at *8 n.7 (taking note of SDNY's repeated concerns regarding Mr. Liebowitz's practice); *Pasatieri v. Starline Productions, Inc.*, 2020 WL 207352, at *4 (E.D.N.Y. Jan. 14, 2020) (same).[3] This case is no exception. I conclude that even a client willing to suffer such representation would be unwilling to pay for it at an hourly rate greater than that charged by the least experienced and qualified attorney admitted to practice in this district. I therefore respectfully recommend that the court award fees on the basis of a $100 hourly rate.

    b.   <u>Compensable Hours</u>

Plastik asks the court to order Westbury to reimburse him for the cost of seven hours of work by his counsel. *See* Liebowitz Decl. ¶ 20. Liebowitz' billing records reflect that amount of time billed but reveal a number of inefficiencies and redundancies that warrant a reduction. *See Hensley v.*

---

[3] In *Usherson*, the court provided a detailed account of instances in which Liebowitz violated orders and made false statements. *See* 2020 WL 3483661, at *11-18. In addition to referring Liebowitz to the Grievance Committee of the Southern District of New York, the court entered an order that required Liebowitz to file the *Usherson* opinion on the docket of this case. *See id.* at *22. Liebowitz has not done so. Neither the referral to the Grievance Committee nor the violation of the order in *Usherson* is a unique experience for Liebowitz. Another judge in the Southern District of New York referred Liebowitz to that court's Grievance Committee after finding that he had made a false statement about his grandfather's death to excuse his failure to attend a court conference. *See Berger v. Imagina Consulting, Inc.*, No. 18-CV-8956 (CS), DE 62 (S.D.N.Y. Nov. 13, 2019); *Berger v. Imagina Consulting, Inc.*, 2019 WL 6695047 (S.D.N.Y. Nov. 1, 2019). In another case in this district, Liebowitz again failed to comply with the order in *Usherson. See Stokes v. True Colors Bar, Inc.*, 19-CV-2696 (ENV) (JO), DE 20 (minute entry) (E.D.N.Y. Sept. 29, 2020).

*Eckerhart*, 461 U.S. 424, 434 (1983) (excluding hours not "reasonably expended."). First, Liebowitz appears to have billed at half hour increments, which is inexcusable. *See Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, 2014 WL 1514235, at *15 (E.D.N.Y. Apr. 16, 2014) (reducing counsel's hours after billing records indicated counsel's standard practice to bill in increments of one-half hour, even for tasks that should have taken far less time to perform). Second, Liebowitz claims to have spent four hours drafting a request for entry of default and the motion for default judgment (including his own declaration). That claim is unreasonable given the frequency with which Liebowitz files nearly identical documents in other cases. *See, e.g., Whitehead v. Mix Unit, LLC*, 2019 WL 384446, at *6 (S.D.N.Y. Jan. 31, 2019) (report and recommendation) (citing *Romanowicz v. Alister & Paine, Inc.*, 2018 WL 4762980, at *6 (S.D.N.Y. Aug. 3, 2018) (finding that preparing motion for default judgment, and materials for damages inquest in similar copyright case should have taken Liebowitz only one and a half hours)), *adopted* 2019 WL 1746007 (S.D.N.Y. Apr. 18, 2019); *see also Myeress v. Elite Travel Group, U.S.A.*, 2018 WL 5961424, at *5 (S.D.N.Y. Nov. 14, 2018) (reducing Liebowitz's reasonable number of hours billed to 7 and noting that Liebowitz routinely represents photographers in this district and that his motions for default contains limited analysis and consist largely of lengthy string-cites). Similarly inflated is Liebowitz's claim to have spent 1.5 hours to "Review case file in preparation for filing; conduct due diligence re: copyright registration." Given the frequency with which Liebowitz files nearly identical complaints and the ability to find copyright registration information on the United States Copyright Office's website in just a few minutes, Liebowitz's attempt to bill so much time for those tasks is excessive.

I respectfully recommend that the court order Westbury to reimburse Plastik for three hours of Liebowitz's time: one hour to review the case file in preparation for filing and conducting due diligence regarding the relevant copyright registration, one hour to prepare and file the Complaint, and one hour to seek the entry of default and file the cookie-cutter (and deficient) motion papers

8

now before the court on the motion for default judgment. Based on the hourly rate of $100 that I recommend above, I respectfully recommend that the court award Plastik attorneys' fees in the total amount of $300.

        3.    Costs

Plastik seeks reimbursement for $440 in costs, including the $400 filing fee and $40 for service of process. *See* Liebowitz Decl. ¶ 12, 20. The docket conclusively establishes the $400 filing fee. *See* DE 1. The record similarly documents the service fee. *See* DE 6. I therefore respectfully recommend an award of $440 in costs.

III.    Recommendation

For the reasons set forth above, I respectfully recommend that the court grant the motion for default judgment and award the plaintiff a total of $1,490 (consisting of $750 in statutory damages, $300 in attorney's fees, and $440 in costs).

IV.    Objections

I respectfully direct the plaintiff to serve a copy of this Report and Recommendation on the defendant by certified mail, and to file proof of service no later than October 5, 2020. Any objections to this Report and Recommendation must be filed no later than October 14, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

        SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2020

                                       /s/
                               James Orenstein
                               U.S. Magistrate Judge